CUPRIL PETICIONARIO Y APELANTE, *v.* PARRA ET AL., DEMANDADOS Y APELADOS.

No. 3445.—*Visto:* Octubre 20, 1924. *Resuelto:* Octubre 29, 1924.

*Injunction—Quo Warranto—Injunction* PARA IMPEDIR LA SEPARACIÓN DE FUNCIONARIOS. — El derecho a un cargo no puede juzgarse mediante una acción en equidad o *injunction*. Un funcionario no puede sostener una demanda en equidad para impedir su separación del cargo y el nombramiento de su sucesor. Si su sucesor ha sido nombrado, su remedio es el *quo warranto;* si el cargo está vacante, su remedio es el *mandamus* para obligar su restitución. Y así el *injunction* no procederá para impedir que un funcionario público que está en posesión *de facto,* no ejercite los deberes de su cargo, por el fundamento de que no es legalmente el propietario de dicho cargo. El derecho de una persona que reclama un cargo so color de la ley, y lo desempeña *de facto,* no puede ser atacado colateralmente; debe ser atacado por el procedimiento directo de *quo warranto.*

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), denegando el auto de *injunction* solicitado, sin costas. *Confirmada.*

*L. Tormes,* abogado del apelante; *F. Parra* y *J. R. Gelpí,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Alegando el peticionario estar ejerciendo el cargo de auditor del municipio de Ponce por haber sido nombrado legalmente para dicho cargo, presentó una petición de injunction solicitando que la corte inferior dictara un auto de injunction perpetuo dirigido a los demandados, Francisco Parra Capó, y Eugenio Lecompte, para que se abstengan de estorbar al peticionario en sus funciones como tal auditor municipal.

La petición niega el carácter de alcalde de Francisco Parra Capó del municipio de Ponce, y que éste, sin autoridad de ley trata de entorpecer en su cargo al peticionario, proponiendo nombrar en su puesto al segundo de los demandados, quien además se propone desempeñar sus funciones.

La corte inferior denegó de plano la petición de injunction y fundó su sentencia en haber antes resuelto el caso núm. 12,813 sobre *quo warranto* contra Blas Oliveras declarando que nunca existió vacante alguna en el cargo de alcalde del municipio de Ponce y sosteniendo en dicho caso la autoridad legal de Francisco Parra Capó como alcalde de dicho municipio. Aún cuando estamos conformes con la conclusión a que llegó la corte inferior negando el injunction, el fundamento de la resolución es enteramente erróneo. La razón esencial debe ser que el injunction no es el remedio adecuado para ejercer su acción el peticionario. En el caso de *Nieves* v. *Foote,* 30 D.P.R. 817, se estableció el principio de que el injunction, como remedio de equidad, no es el apropiado para ser ejercido contra el funcionario o cuerpo que pueda destituir e impedir la destitución de un empleado público, ni contra la persona nombrada en lugar del oficial destituído para restringirle en el ejercicio de los deberes de su cargo. La razón de este principio parece que descansa en la teoría de que un cargo público no es un derecho de propiedad que la equidad pueda mantener o hacer respetar. Esto no impide, sin embargo, que como el cargo deriva emolumentos, el oficial destituído ilegalmente tenga su acción en ley para el cobro de los mismos.

Además, la petición de injunction envuelve una contención respecto al título de alcalde del demandado Francisco Parra Capó, del municipio de Ponce. No importa cuál sea el color de su autoridad como tal alcalde, pues de todos modos esta cuestión no podía ser determinada mediante el remedio de injunction.

"El derecho a un cargo no puede juzgarse mediante una acción

en equidad o *injunction*.   Un funcionario no puede sostener una demanda en equidad para impedir su separación del cargo y el nombramiento de su sucesor.   Si su sucesor ha sido nombrado, su remedio es el *quo warranto*; si el cargo está vacante, su remedio es el *mandamus* para obligar su restitución.   Y así el *injunction* no procederá para impedir que un funcionario público que está en posesión *de facto,* no ejercite los deberes de su cargo, por el fundamento de que no es legalmente el propietario de dicho cargo.   El derecho de una persona que reclama un cargo so color de la ley, y lo desempeña *de facto,* no puede ser atacado colateralmente; debe ser atacado por el procedimiento directo de *quo warranto.*"   22 R.C.L. pág. 681.

Se ha declarado asimismo de que la limitación en cuanto a que esta clase de controversias sean resueltas en acciones de ley, con exclusión de los remedios de equidad, no implica la negación de los principios constitucionales del debido procedimiento de ley o la igual protección de las leyes.   14 R.C.L. 374.

*Por lo expuesto, la sentencia inferior debe confirmarse.*