ASAMBLEA MUNICIPAL DE SANTA ISABEL, demandante y apelante, *v.* JOSÉ MANUEL SANTIAGO, EMILIO COLÓN, JUAN JOSÉ PEÑA, TOMÁS SANTIAGO MALDONADO, AGUSTÍN RODRÍGUEZ, HERMINIO RIVERA, MANUEL VALLE, HERMENEGILDO SANTIAGO y JUAN DÍAZ ROBLEDO, demandados y apelados.

No. 4616.—*Visto:* Julio 9, 1928. *Resuelto:* Julio 23, 1928.

*Leopoldo Tormes,* abogado de la apelante; *Agustín E. Font,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La parte demandante y apelante alega ser la Asamblea Municipal de Santa Isabel, P. R., y estar integrada por José I. Colón, Presidente, Julio Zayas, Vice-Presidente, José Santiago Rivera, Mauricio Anés, Miguel Rivera, José Manuel Santiago, Juan José Peña, Emilio Colón y Tomás Santiago Maldonado, como miembros, y Antonio J. Aponte como Secretario. Y los demandados, según expresa la demanda, son José Manuel Santiago, Emilio Colón, Juan José Peña, Tomás Santiago Maldonado, Agustín Rodríguez, Herminio Rivera, Manuel Valle, Hermenegildo Santiago, y Juan Díaz Robledo.

Es digno de atención que según aparece de la demanda

son, a un mismo tiempo, parte de la entidad demandante, y personalmente, demandados, José Manuel Santiago, Emilio Colón, Juan José Peña y Tomás Santiago Maldonado. Como se alega que estos señores en unión de otros se hacen llamar la Asamblea Municipal de Santa Isabel, y realizan actos que serían propios de una verdadera Asamblea Municipal, la situación que por las alegaciones se crea es de difícil solución, dado que los integrantes de la Asamblea demandante José Manuel Santiago, Juan José Peña, Emilio Colón y Tomás Santiago Maldonado, atacan los actos de José Manuel Santiago, Juan José Peña, Emilio Colón y José Santiago Maldonado, como parte de otro cuerpo que se llama también Asamblea Municipal de Santa Isabel. Esta misma circunstancia tiende a hacer más dudosa la acción ejercitada, por la confusión que de tales hechos nace.

La demandante presentó dos peticiones separadas: uná de *injunction* perpetuo, y otra de *injunction* preliminar; y las dos bajo alegaciones iguales.

Esencialmente, la demandante ha alegado ser la Asamblea Municipal de Santa Isabel, P. R.; que los demandados, de acuerdo, asumen ser la Asamblea Municipal de Santa Isabel, P. R., sin serlo, y en ese sentido, se hallan celebrando reuniones, adoptando acuerdos con relación a asuntos de orden municipal, haciendo nombramiento de Alcalde interino, estableciendo investigaciones como tal Asamblea, usando ilegalmente de los libros de actas, y otros hechos similares; que esa conducta desmoraliza la administración, y puede crear una grave crisis, y causa daños de gravedad al Municipio de Santa Isabel, y quita sus poderes a la legítima Asamblea Municipal del mismo pueblo; y que de seguir en ella, se ocasionarían grandes gastos de pleitos por o contra el municipio; que la demandante carece de remedio en ley. Y pide se expida un auto de *injunction* contra los demandados para que se abstengan de intervenir, llamándose Asamblea Municipal de Santa Isabel, en los asuntos de dicho municipio, y de perturbar las funciones de la demandante. La diferencia entre

la demanda de *injunction* y la de *injunction* preliminar, se halla solamente en la calidad del remedio solicitado.

En 21 de abril de 1928, la Corte de Distrito de Guayama dictó sentencia declarando sin lugar las solicitudes de *injunction* definitivo y preliminar. A la sentencia se une, formando parte de ella, una exposición de hechos y opinión.

La sentencia se funda, sustancialmente, en que las peticiones de *injunction* en este caso tratan de atacar la validez de ciertos acuerdos tomados por los demandados, o de atacar el título de éstos para desempeñar los cargos de miembros de la Asamblea Municipal de Santa Isabel; y en ambos casos, la Ley Municipal de Puerto Rico da a los demandantes remedios que no son el de *injunction*. Se citan las decisiones en los casos *Nieves* v. *Foote,* 30 D.P.R. 817, y *Cupril* v. *Parra,* 33 D.P.R. 757.

Contra esa sentencia se interpuso el recurso de apelación que aquí resolvemos. Se señalan, a los fines del recurso, dos errores; los que siguen:

"1. Cometió error la corte inferior y abusó de su discreción al considerar que no procedía el *injunction* en el presente caso.

"2. La sentencia en este caso es contraria a la Ley."

Los apelantes discuten y argumentan esos señalamientos, exponiendo puntos de vista, y presentando jurisprudencia, en cuanto a la suficiencia de la petición de *injunction,* la procedencia del remedio como principal y como auxiliar, el derecho a utilizar ese remedio por los funcionarios municipales de acuerdo con los autores y con la jurisprudencia de varios Estados y jurisprudencia federal, la jurisdicción de la Corte de Distrito de Guayama en casos de equidad, y la procedencia del *injunction* en casos como el presente, de acuerdo con la jurisprudencia de otros Estados.

En realidad, el verdadero punto en contienda en este caso, es la legalidad o ilegalidad del ejercicio de ciertos cargos municipales por los demandados, y sobre esta base, la petición de intervención de la jurisdicción de equidad para im-

pedir que los demandados realicen actos y tomen acuerdos cuya eficacia legal depende de la mayor o menor legalidad con que ocupen aquellos cargos.

■■ En la Ley Municipal, tal como quedó enmendada por la Ley No. 11, 1924, bajo el título "Ley para enmendar los artículos 9, 10, 14, 15, 16, 17, 22, 26, 27, 28, 29, 30, 31, 33, 34, 35, 40, 42, 43, 44, 45, 46, 47, 51, 55, 61, 65 y 72, y derogar los artículos 36, 37, 38, 39, 41, el párrafo décimo del 54 y el artículo 73, de la 'Ley estableciendo un gobierno local, y reorganizando los servicios municipales,' " aprobada en julio 31 de 1919, y subsiguientemente enmendada, hay un artículo, el 65, cuyo texto dice:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal, del alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o las leyes de Puerto Rico, mediante *certiorari;*

"(b) Para suspender mediante *injunction* la ejecución de cualquier ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la constitución o las leyes insulares;

"(c) Para compeler, mediante auto de *mandamus* el cumplimiento de deberes ministeriales por los funcionarios municipales;

"(d) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales, por malicia, negligencia o ignorancia inexcusables.

"En los dos primeros casos la parte perjudicada podrá solamente establecer la demanda correspondiente dentro del plazo de 30 días, a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido publicados o comunicados a la parte querellante."

Es perfectamente claro que, en Puerto Rico, el remedio de *injunction,* dentro de la Ley Municipal, se da para suspender o impedir la ejecución de acuerdos, resoluciones y ordenanzas que lesionen a derechos reconocidos por la Ley Orgánica o las insulares. Pero no se da para impedir actuaciones

o para discutir la legitimidad de la ocupación de cargos municipales.

En los casos *Nieves* v. *Foote,* 30 D.P.R. 817, y *Cupril* v. *Parra,* 33 D.P.R. 757, ha hecho este Tribunal la declaración de la doctrina legal en esta jurisdicción.

En *Cupril* v. *Parra,* citado, se dijo:

"Aun cuando estamos conformes con la conclusión a que llegó la corte inferior negando el *injunction,* el fundamento de la resolución es enteramente erróneo. La razón esencial debe ser que el *injunction* no es el remedio adecuado para ejercer su acción el peticionario. En el caso de *Nieves* v. *Foote,* 30 D.P.R. 817, se estableció el principio de que el *injunction,* como remedio de equidad, no es el apropiado para ser ejercido contra el funcionario o cuerpo que pueda destituir e impedir la destitución de un empleado público, ni contra la persona nombrada en lugar del oficial destituido para restringirle en el ejercicio de los deberes de su cargo. La razón de este principio parece que descansa en la teoría de que un cargo público no es un derecho de propiedad que la equidad pueda mantener o hacer respetar."

Y se declaró asimismo, en ese caso:

"No importa cuál sea el color de su autoridad como tal alcalde, pues de todos modos esta cuestión no podía ser determinada mediante el remedio de *injunction.*"

La cita que en dicha opinión se hace, 22 R. C. L. pág. 681, es importante. Bastan a nuestro fin, las primeras líneas de ella:

"El derecho a un cargo no puede juzgarse mediante una acción en equidad o *injunction.*"

Ni abiertamente, ni de manera colateral, puede ese derecho ser juzgado por medio de un *injunction.* Y siendo ésa la doctrina legal, los errores señalados no son tales, ni pueden apreciarse así en esta apelación. Decimos de ambos señalamientos, porque realmente los dos errores señalados, pueden reducirse a uno y el mismo.

*La sentencia apelada debe ser confirmada.*