606

Fernando R. Colón y José A. Zapata, demandantes y apelantes, v. Manuel A. Barreto, actuando como supuesto Alcalde de Mayagüez, demandado y apelado.

Núm. 8434.—*Sometido:* Diciembre 8, 1941. · *Resuelto:* Diciembre 15, 1941.

*Oscar Souffront, Amador Ramírez Silva* y *José Sabater,* abogados de los apelantes; *Enrique Báez García* y *Federico Tilén,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Zoilo Rivera, Jr., formuló cargos contra los Comisionados de la ''Autoridad Municipal sobre Hogares,'' de Mayagüez, Sres. Fernando R. Colón y José A. Zapata, y a virtud de

dichos cargos, el Sr. Manuel A. Barreto, en su carácter de Alcalde, los separó de sus puestos en la Autoridad hasta tanto se resolviesen los cargos; les suministró copia de ellos, les concedió diez días para contestarlos y les notificó que una vez contestados se procedería a su audiencia, a la cual podían ellos comparecer personalmente y asistidos de abogados para la práctica de la prueba.

Alegando que el Sr. Barreto no ocupaba legalmente el puesto de Alcalde de Mayagüez y por consiguiente no tenía facultad para conocer de los cargos, recurrieron Colón y Zapata a la Corte de Distrito de Mayagüez en solicitud de un auto de *injunction* que prohibiese al Alcalde seguir interviniendo en la tramitación de los cargos y le prohibiese además ejecutar la orden de suspensión de empleo de los peticionarios.

Expedida la orden para mostrar causa, compareció el demandado radicando una moción para desestimar la petición de injunction *(motion to quash)* y al mismo tiempo contestó. Discutida oralmente y por escrito la moción para desestimar la solicitud de injunction, con fecha 24 de septiembre último la corte inferior dictó resolución denegando el injunction preliminar, así como el perpetuo, fundándose en la reiterada jurisprudencia de este Tribunal que sostiene que el remedio de injunction no procede para determinar la validez del título a un cargo público, citando entre otros el caso de *Cupril* v. *Parra,* 33 D.P.R. 757.

En el presente recurso interpuesto contra la referida resolución, no atacan los apelantes la jurisprudencia invocada por el tribunal inferior, pero tratan de distinguirla alegando que la cuestión a resolver en el pleito de injunction es la validez de la ordenanza por la cual la Asamblea Municipal de Mayagüez consolidó los cargos de Alcalde y Director Escolar, consolidación que según ellos está prohibida por la vigente Ley Municipal.

No podemos convenir con los demandados. El propósito primordial del pleito de injunction no es obtener una decla-

ración abstracta sobre la nulidad de la ordenanza, ya que en nada se beneficiarían sus intereses si a dicha declaración no siguiese como inevitable secuela la inexistencia del cargo que ostenta el apelado. Siendo ello así, la verdadera controversia es el título al cargo, para dirimir la cual existe el remedio de *quo warranto,* que aunque extraordinario, es de naturaraleza legal, y por consiguiente excluye al injunction, que es un remedio de equidad, siendo además un principio fundamental de la Jurisprudencia de Equidad, que ésta sólo interviene para proteger derechos de propiedad o derechos civiles pero generalmente nunca lo hace para proteger un derecho político como lo es el que envuelve el del título a un cargo público. *State ex rel. McCaffery* v. *Aloe,* 47 L.R.A. 393, y autoridades citadas; *People ex rel. Corscadden* v. *Howe,* 66 L.R.A. 664; 2 High *on Injunctions* (3rd ed.) pág. 1026 *et seq.;* 14 R.C.L. 365.

En el caso de *Cupril* v. *Parra,* supra, el Sr. Cupril alegando estar en posesión del cargo de Auditor Municipal de Ponce, para el cual había sido nombrado, solicitó de la corte de aquel distrito un auto de injunction perpetuo dirigido a los demandados Sres. F. Parra Capó y E. Lecompte para que se abstuviesen de estorbarle en sus funciones de Auditor Municipal. En la petición se negaba el carácter de Alcalde del Sr. Parra y se alegaba que sin autoridad de ley se proponía nombrar al Sr. Lecompte para el cargo ocupado por el peticionario. Al confirmar la sentencia que desestimó la petición de injunction se dijo por este tribunal:

". . . Aun cuando estamos conformes con la conclusión a que llegó la corte inferior negando el injunction, el fundamento de la resolución es enteramente erróneo. La razón esencial debe ser que el injunction no es el remedio adecuado para ejercer su acción el peticionario. En el caso de *Nieves* v. *Foote,* 30 D.P.R. 817, se estableció el principio de que el injunction, como remedio de equidad, no es el apropiado para ser ejercido contra el funcionario o cuerpo que pueda destituir e impedir la destitución de un empleado público, ni contra la persona nombrada en lugar del oficial destituído para restringirle en el ejercicio de los deberes de su cargo. La ra-

zón de este principio parece que descansa en la teoría de que un cargo público no es un derecho de propiedad que la equidad pueda mantener o hacer respetar. Esto no impide, sin embargo, que como el cargo deriva emolumentos, el oficial destituído ilegalmente tenga su acción en ley para el cobro de los mismos.

"Además, la petición de injunction envuelve una contención respecto al título de alcalde del demandado Francisco Parra Capó, del municipio de Ponce. No importa cuál sea el color de su autoridad como tal alcalde, pues de todos modos esta cuestión no podía ser determinada mediante el remedio de injunction."

Podría distinguirse *Cupril* v. *Parra,* supra, del caso de autos en que en el primero se trataba, por lo menos, de un funcionario de facto, ya que no se impugnaba la existencia del cargo de Alcalde de Ponce y por consiguiente el cargo era de jure, mientras que en el de autos, de ser en realidad nula la ordenanza que crea el cargo que ocupa el apelado, éste no podría ser funcionario de jure ni tampoco de facto, pues para que exista el funcionario de facto precisa la existencia de un cargo válido. Pero esa distinción no impide que se aplique el mismo principio en uno y otro caso, pues las ordenanzas municipales, al igual que las leyes, tienen la presunción de válidas mientras los tribunales no resuelvan lo contrario. 6 R.C.L. pág. 101, sec. 100; *State ex rel. Lachtman* v. *Houghton,* L.R.A. 1917 F. 1050; *Chicago* v. *Washingtonian Home,* 6 A.L.R. 1584.

En *State ex rel. McCaffery* v. *Aloe,* 47 L.R.A. 393, la corte inferior expidió un auto de injunction para impedir que los demandados tomasen posesión de sus cargos alegándose que la ley que creaba dichos cargos era inconstitucional y la Corte Suprema de Missouri al expedir el auto inhibitorio perpetuo, resolvió que la corte de equidad no tenía facultades para expedir el auto de injunction por la mera sugestión de los peticionarios al efecto de que la ley que creaba los cargos era inconstitucional, cuando no existía ninguna declaración a ese efecto por un tribunal competente.

En el presente caso ningún tribunal ha resuelto todavía que la ordenanza que creó el cargo que ocupa el apelado sea

ilegal y por consiguiente dicha ordenanza conlleva la presunción de válida no pudiéndose sostener que el apelado sea un intruso en la posesión del cargo.

Por lo expuesto y en vista de la reiterada jurisprudencia de este Tribunal declarando la improcedencia del remedio de injunction en casos como el presente, no podría dictarse otra sentencia que no fuera la decretada por la corte inferior y por consiguiente *procede descstimar por frívolo el recurso.*

El Juez Asociado Sr. Todd, Jr., no intervino.